# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2024**     **02064**

E-Filing Number: 2403040907

| | |
|---|---|
| **PLAINTIFF'S NAME** OLAMAE MATHIS | **DEFENDANT'S NAME** MILLER'S ALE HOUSE, ALIAS: MILLERS PHILADELPHIA |
| **PLAINTIFF'S ADDRESS** 722 GRANT AVENUE ALTOONA PA 16602 | **DEFENDANT'S ADDRESS** 2100 S. COLUMBUS BLVD PHILADELPHIA PA 19148 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** MILLER'S ALE HOUSE, ALIAS: MILLER'S PLYMOUTH MEETING |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 500 GERMANTOWN PIKE UNIT 1700 PLYMOUTH MEETING PA 19462 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** JOHN DOE |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** XXXXXXX XXXXXX PA XXXXXX |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal  [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [X] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY MAR 19 2024 G. IMPERATO | IS CASE SUBJECT TO COORDINATION ORDER?   YES   NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: OLAMAE MATHIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY JASON E. FINE | ADDRESS 1628 JFK BLVD SUITE 2120 PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER (267)888-2960 | FAX NUMBER (267)687-7018 |
| SUPREME COURT IDENTIFICATION NO. 82452 | E-MAIL ADDRESS scheduling@jfinelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY JASON FINE | DATE SUBMITTED Tuesday, March 19, 2024, 08:02 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**J. FINE LAW GROUP, P.C.**  Attorneys for Plaintiff
BY:   JASON E. FINE, ESQUIRE   OLAMAE MATHIS
Attorney ID#: 82452
1628 JFK BLVD, SUITE 2120
Philadelphia, PA 19103
(267) 888-2960
jason@jfinelaw.com

Filed and Attested by the
Office of Judicial Records
19 MAR 2024 08:02 am
G. IMPERATO

| | |
|---|---|
| OLAMAE MATHIS<br>722 Grant Avenue<br>Altoona, PA 16602<br><br>vs.<br><br>MILLER'S ALE HOUSE<br>a/ka/ MILLERS PHILADELPHIA<br>2100 S. Columbus Blvd<br>Philadelphia, PA 19148<br>and<br>MILLER'S ALE HOUSE<br>a/k/a MILLERS PLYMOUTH MEETING<br>500 Germantown Pike, Unit 1700<br>Plymouth Meeting, PA 19462<br>and<br>JOHN DOE | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL LAW DIVISION<br><br>TERM, 2024<br>NO.:<br><br>MAJOR JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUESTED |

## NOTICE TO DEFEND
## 2s – PREMISE LIABILITY–SLIP & FALL

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET NO
LEGAL HELP

   PHILADELPHIA BAR ASSOCIATION
   Lawyer Referral And Information Service
   1101 Market Street, 11th Floor
   Philadelphia, PA 19107

Le han damamdado a usted en la corta. SI usted quiere defenderse de estas demandas expuestas en las paginas las sigulenter, ested teina veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia escitta o an parsona o cun un abogado y entregar a la corte en forma escrita sus defenses o sus objecioues a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previo aviso o notification. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisones de esta demanda. Usted puede prderdinero o sus propiedades u otros derachos importanted para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI

TIENE EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONE A LA OFICINO CUYA DIRECCION ENCUENTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Case ID: 240302064

ASOCIACION DE LICENCIADOS DE FILAELFIA
Servicio De Referencia E Information Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107

## PREMISE LIABILITY
## CIVIL ACTION COMPLAINT

1. Plaintiff, OLAMAE MATHIS, is an adult individual residing at the above captioned address.

2. Defendant, MILLLER'S ALE HOUSE (hereinafter referred to as "Millers Philadelphia") is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at Millers located at 2100 S. Columbus Blvd, Philadelphia, PA 19148.

3. Defendant, MILLLER'S ALE HOUSE (hereinafter referred to as "Millers Plymouth Meeting"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 500 Germantown Pike, Unit 1700, Plymouth Meeting, PA 19462.

4. Venue is appropriate in Philadelphia County, as Defendants MILLLER'S PHILADLEPHIA and MILLLER'S ALE PLYMOUTH MEETING, regularly conducts business in Philadelphia County at various locations throughout the Philadelphia area.

5. Defendant, JOHN DOE, are various fictitious and currently unidentified Individuals, Estates, Administrator/Adminstratrix, Professional Associations, Partnerships, Institutions, Corporations and/or Companies, whose identity, name and information is unknown to plaintiff despite the use of due diligence, but at all times had a duty to maintain the entrance/exit way area located the subject premises which gave rise to the instant matter. As this/these defendant(s) are identified, plaintiff shall seasonably amend this Civil Action.

6. A reasonable and diligent search was conducted to determine the actual

Case ID: 240302064

names/identities of defendant, JOHN DOE.

7. Pursuant to Pennsylvania Rule of Civil Procedure 2005, defendant, JOHN DOE, is/are currently unidentified, fictitious defendants added Doe designated to this action where their actual name/identity is unknown despite a reasonable and diligent search.

8. Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

9. At all relevant times, defendant, JOHN DOE, carried on substantial business activities within Philadelphia County and the Commonwealth of Pennsylvania.

10. At all times material hereto, defendants were either acting by and through their/its respective employees, officers, staff, administrators, representatives, workers, contractors, servants, agents, and/or personnel, while in the course and scope of the job duties and/or functions for which each person was hired to perform in furtherance of each respective defendant's business, and the doctrine of Respondent Superior is invoked herein.

11. At all times material hereto, defendants were responsible to determine the competency and qualifications; and/or, the lack of competency and qualifications of their/its respective agents, employees, officers, staff, administrators, representatives, workers, contractors, servants, agents, and/or personnel, while in the course and scope of the job duties and/or functions for which each person was hired to perform in furtherance of each respective defendant's business.

12. At all times material hereto, defendants were either acting individually, and/or on each other's behalf, by and through defendants control of their/its respective employees, officers, staff, administrators, representatives, workers, contractors, servants, agents, and/or personnel, while in the course and scope of the job duties and/or functions for which each person was hired

to perform in furtherance of each respective defendant's business.

13. Venue is appropriate in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 2179 and/or Pennsylvania Rule of Civil Procedure 1006(f)(1).

14. Defendant MILLLER'S ALE HOUSE, is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301, as they have multiple stores/markers within Philadelphia County where Defendant MILLLER'S ALE HOUSE, actively and regularly conducts business in Philadelphia County, Pennsylvania such as the one listed in the above caption.

15. At all times relevant and material to this complaint, Defendant, Miller's Ale House, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

16. At all times material and relevant to this complaint, said defendants owned, operated, leased, managed, controlled and/or had dominion over the premises known as Millers Ale House located at 500 Germantown Pike, Unit 1700, Plymouth Meeting, PA 19462.

17. At all times material and relevant to this complaint, said defendants did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

18. On or about May 7, 2022 close to 8:00 pm., Plaintiff, OLAMAE MATHIS was an invitee at Millers Ale House located at the Plymouth Meeting address when suddenly and without warning as she was walking into the restaurant she was caused to slip and fall due to the rug in the area between the two front doors not being flat and thereby cause Plaintiff to sustain serious injuries.

19. At all times relevant hereto, all defendants, individually, jointly or severally, owed a duty to maintain, correct, inspect and otherwise be responsible for the aforesaid premises, to provide a safe and hazard-free environment and otherwise be responsible for the care, custody and/or control of the real property so that same would be safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including Plaintiff, OLAMAE MATHIS.

20. Defendants, individually, jointly or severally, knew and/or should have known of the said dangerous conditions, and therefore defective conditions, and the likelihood that same would cause injuries to invitees, guests, independent contractors, licensees and/or members of the public lawfully on the aforesaid premises in the absence of adequate safety measures.

21. At all times material hereto, the area upon which Plaintiff, OLAMAE MATHIS, was walking on or about defendant's premises and under their exclusive care, custody and control.

22. The circumstances under which Plaintiff, OLAMAE MATHIS, was injured was such that said injuries could not have occurred on said premises except by defendants' negligence, individually, jointly or severally.

23. The aforesaid accident resulted solely from the negligence and carelessness of defendants, individually, jointly or severally, and in no manner whatsoever to any act or failure to act on the part of Plaintiff, OLAMAE MATHIS.

### COUNT I
### OLAMAE MATHIS v. MILLERS' ALE HOUSE
### NEGLIGENCE

24. Plaintiff, OLAMAE MATHIS, hereby incorporates paragraphs one-twenty-three (1-23) as if same were set forth at length herein.

25. The aforesaid accident was caused by the negligence and carelessness of

Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) Failing to properly make the rug in the vestibule area of the restaurant flat;

(b) Allowing the rug in the vestibule area to remain in a defective state for an unreasonable amount of time;

(c) Failing to properly, completely and thoroughly inspect the property;

(d) Failing to promptly and carefully post warning signs, cones, and/or post notices to warn individuals of the dangerous condition;

(e) Failing to perform a reasonable inspection and/or implement a policy of inspection;

(f) Failing to establish a policy of cleaning or maintaining the rug in the vestibule area of the restaurant;

(g) Otherwise acting in a manner that was negligent and careless at law; and

(h) Violating applicable ordinances and property maintenance codes for the Commonwealth of Pennsylvania governing the maintenance of property

26. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: head, spine, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

27. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

28. As a further result of the said accident, Plaintiff has and will probably in the

future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

29. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

30. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

31. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, OLAMAE MATHIS, demands judgment in her favor and against Defendant MILLERS ALE HOUSE. individually, jointly or severally, for compensatory damages in excess of fifty-thousand dollars ($50,000.00).

## COUNT II
## OLAMAE MATHIS v. MILLLER'S ALE HOUSE a/k/a MILLERS PLYMOIUTH MEETING
## NEGLIGENCE

32. Plaintiff, OLAMAE MATHIS incorporates herein by reference paragraphs one through thirty-one (1-31), inclusive, as though same were set forth at length.

33. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

   (a) Failing to properly make the rug in the vestibule area of the restaurant flat;
   (b) Allowing the rug in the vestibule area to remain in a defective state for an unreasonable amount of time;

Case ID: 240302064

(c) Failing to properly, completely and thoroughly inspect the property;

(d) Failing to promptly and carefully post warning signs, cones, and/or post notices to warn individuals of the dangerous condition;

(e) Failing to perform a reasonable inspection and/or implement a policy of inspection;

(f) Failing to establish a policy of cleaning or maintaining the rug in the vestibule area of the restaurant;

(g) Otherwise acting in a manner that was negligent and careless at law; and

(h) Violating applicable ordinances and property maintenance codes for the Commonwealth of Pennsylvania governing the maintenance of property

34. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: head, spine, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

35. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

36. As a further result of the said accident, Plaintiff has and will probably in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

37. As a further result of the said accident, Plaintiff has incurred medical expenses

that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

38. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

39. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, OLAMAE MATHIS, demands judgment in her favor and against Defendant MILLERS ALE HOUSE a/k/a MILLERS PLYMOUTH MEETING, individually, jointly or severally, for compensatory damages in excess of fifty-thousand dollars ($50,000.00).

## COUNT III
## OLAMAE MATHIS v. JOHN DOE
## NEGLIGENCE

40. Plaintiff, OLAMAE MATHIS incorporates herein by reference paragraphs one through thirty-nine (1-39), inclusive, as though same were set forth at length.

41. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) Failing to properly make the rug in the vestibule area of the restaurant flat;

(b) Allowing the rug in the vestibule area to remain in a defective state for an unreasonable amount of time;

(c) Failing to properly, completely and thoroughly inspect the property;

(d) Failing to promptly and carefully post warning signs, cones, and/or post notices to

Case ID: 240302064

            warn individuals of the dangerous condition;

(e)     Failing to perform a reasonable inspection and/or implement a policy of inspection;

(f)     Failing to establish a policy of cleaning or maintaining the rug in the vestibule area of the restaurant;

(g)     Otherwise acting in a manner that was negligent and careless at law; and

(h)     Violating applicable ordinances and property maintenance codes for the Commonwealth of Pennsylvania governing the maintenance of property

42.     As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: head, spine, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

43.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

44.     As a further result of the said accident, Plaintiff has and will probably in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for

the injuries she has suffered.

45. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

46. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

47. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, OLAMAE MATHIS, demands judgment in her favor and against Defendant JOHN DOE, individually, jointly or severally, for compensatory damages in excess of fifty-thousand dollars ($50,000.00).

J. FINE LAW GROUP, P.C.

BY: _____
JASON E. FINE, ESQUIRE
Attorney for Plaintiff,
OLAMAE MATHIS

## VERIFICATION

I, Denise McFly, having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DocuSigned by:

*Mary Maho*

Client's Name

Case ID: 240302064